UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

PATRICK R. DUNNE and KATHLEEN
M. DUNNE,

    Debtors.
_____/

KATHLEEN MARIE DUNNE, fka
KATHLEEN MARIE LIND,

    Plaintiff-Appellant,

v.

RICHARD KEITH LIND,

    Defendant-Appellee.
_____/

Case No. 1:09-cv-282

HON. JANET T. NEFF

## **OPINION**

Plaintiff Kathleen Dunne appeals from a decision of the Bankruptcy Court, holding that she incurred a nondischargeable debt to her former husband, defendant Richard Keith Lind, as a result of his post-divorce repayment of loan to a joint creditor. Having reviewed the record and carefully considered the parties' appellate briefs, this Court affirms the decision of the Bankruptcy Court. Contrary to Dunne's argument on appeal, the Court finds reasoning of *Gibson v. Gibson (In Re Gibson)*, 219 B.R. 195 (B.A.P. 6th Cir. 1998) persuasive and dispositive of the issues presented.

### I. Facts

The underlying facts are undisputed, and are presented herein as cited by the parties and the Bankruptcy Court. The parties were married on April 12, 1986 (Trial Tr. at 34:17). In May 1993,

Dunne enrolled in law school, graduating in January 1996 (*id.* at 34:21-23; 36:8-9). In October 1995, Dunne secured a bar study loan ("BSL"), which Lind co-signed (*id.* at 35:8-11, 15-19).

On March 21, 1996, Dunne filed for divorce, and a final Judgment of Divorce entered on October 11, 1996 (Trial Tr. at 36:10-12; 37:4-5). Under the Divorce Judgment, the parties essentially split the joint marital debt (Op.[1] at 2), with Dunne agreeing to repay her law school loans, including the BSL (Trial Tr. at 38: 21-24; 39:1-4; 50:7-10). Dunne made payments on her student loans through June of 2006 (*id.* at 39: 8-25; 40: 1-4). She subsequently filed Chapter 7 bankruptcy, which prompted the BSL creditor, Sallie Mae, to seek payment from Lind (Op. at 2; Trial Tr. at 58:17-24). Although Sallie Mae did not accelerate the BSL loan, Lind voluntarily paid the loan in full (Op. at 2).

Lind then sought repayment from Dunne by filing an action in state court to enforce the Divorce Judgment (Trial Tr. at 42:13-17). Dunne removed the action to the Bankruptcy Court and filed the instant adversary proceeding to determine the dischargeability of the debt owed to Lind. Following a bench trial, the Bankruptcy Court, the Honorable Scott W. Dales, entered a final judgment in favor of Lind, determining that the $8,762.74 Lind paid to Sallie Mae was a debt paid by the Debtor's former spouse, the debt arose in the connection to the parties' divorce proceedings and was nondischargeable pursuant to 11 U.S.C. § 523(a)(15) (Op. at 1). *See Dunne v. Lind* (*In re Dunne*), Ch. 7 Case No. DG 06-04435, Adv. No. 07-80615 (Bankr. W.D. Mich. December 2, 2008).

## II. Legal Standard

On appeal to this Court from a bankruptcy court's final order or judgment, the bankruptcy

---

[1] Bankruptcy Court Opinion, "Findings of Fact and Conclusions of Law," issued December 2, 2008.

2

court's conclusions of law are reviewed de novo. *Pierce v. Underwood,* 487 U.S. 552, 557-58 (1988); *In re Rowell*, 359 F. Supp. 2d 645, 647 (W.D. Mich. 2004). Issues of statutory interpretation are questions of law, and are thus subject to review de novo. *ITT Indus. v. BorgWarner, Inc.,* 506 F.3d 452, 457 (6th Cir. 2007). The district court may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings. FED. R. BANKR. P. 8013. The party contesting the dischargeability of a debt has the burden of proving the elements by a preponderance of the evidence. *Grogan v. Garner,* 498 U.S. 279, 287 (1991); *Hart v. Molino (In re Molino),* 225 B.R. 904, 907 (6th Cir. B.A.P. 1998).

### III. Analysis

Whether the debt at issue is dischargeable is governed by 11 U.S.C. § 523(a)(15). That section excepts from discharge a debt:

> (i) to a former spouse
>
> (ii) not of a kind described in § 523(a)(5), and
>
> (iii) incurred by the debtor in the course of a divorce or divorce decree.

The Bankruptcy Court found that Dunne implicitly incurred a nondischargeable obligation to Lind in the course of the parties' divorce proceedings, and that the resulting debt was excepted from discharge under §523(a)(15).

At issue is element (iii) under § 523(a)(15). Dunne argues on appeal that under federal bankruptcy laws, the debt she owed to Lind was discharged because it was not "incurred in the course of the divorce proceedings." The Court disagrees, and, to the contrary, finds the reasoning of the Bankruptcy Court, which relied on *Gibson, supra*, a sound approach to determining the dischargeability of the divorce debt. That is, Dunne's acknowledgment and commitment to repay

3

the BSL debt in the divorce proceeding was not simply an acknowledgment of a pre-existing debt to Sallie Mae, of no effect between the parties. To the contrary, the Divorce Judgment resulted in a new, legally enforceable obligation to Lind to assume responsibility for the joint debt, and Dunne thus incurred a debt to Lind for repayment of the BSL loan that was nondischargeable, i.e., incurred by the debtor in the course of a divorce or divorce decree.

The absence of an express hold-harmless provision does not alter this result. In *Gibson*, the Sixth Circuit Bankruptcy Appellate Panel considered these same circumstances and concluded that the debtor-spouse's obligation to pay a note was "incurred in connection with" a divorce and was excepted from discharge even though the debt was payable to a third party and the parties' agreement lacked "hold harmless" or other indemnification language. *Gibson,* 219 B.R. at 205 (citing §523(a)(15)).

The Court is not persuaded by Dunne's argument that this Court should reject the reasoning of *Gibson* and instead adopt the "federal law approach," to ignore the operation of state law and hold that a joint debt incurred during a marriage must be discharged absent an express hold-harmless provision in the divorce decree (Pl's. Br. 9). As the panel observed in *Gibson*, 219 B.R. at 202, "[n]otably absent from the qualifying language of § 523(a)(15) are the phrases 'hold harmless' and 'payable to a third party.'" The qualifying language requires only that the debt be "incurred." *Id*. Although a debt is frequently "incurred" by a debtor-spouse's obligation to pay a third-party debt directly to a spouse or to hold a spouse "harmless," a debtor may also, and frequently does, incur such an obligation to a spouse in accordance with applicable nonbankruptcy law. *Id.* at 202-203. Here, the Bankruptcy Court properly concluded that Dunne incurred just such an obligation. *See*

*also Lewis v. Lewis, (In re Lewis),* 423 B.R. 742, 751 (Bkrtcy. W.D. Mich. 2010) (finding *Gibson* to be a well-reasoned and persuasive opinion).

Dunne further argues that even if the reasoning in *Gibson* applies, the Bankruptcy Court erred in failing to consider that *Gibson* was decided under Ohio, rather than Michigan, domestic relations law. This Court disagrees. As Dunne acknowledges, Lind had a legal right to enforce the provisions of the Divorce Judgment under Michigan law, which supports the conclusion that a debt was "incurred" in the parties' divorce. To the extent that Dunne challenges additional specific findings or conclusions of the Bankruptcy Court (Pl's. Br. 18-19, 20-22), the alleged errors do not result in a different outcome under the reasoning of *Gibson*.

The Bankruptcy Court properly concluded that Dunne incurred an obligation in the divorce proceeding to hold Lind harmless for repayment of the parties' joint BSL debt, and therefore, Dunne's obligation for repayment to Lind is a debt that is excepted from discharge under § 523(a)(15). Accordingly, the decision of the Bankruptcy Court is AFFIRMED.

An Order consistent with this Opinion will be entered.


Date: April 12, 2010  /s/Janet T. Neff
JANET T. NEFF
United States District Judge